IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLOTTE ZITO and ALECIA BOWDON, on own behalf and on the behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENAL TREATMENT CENTERS - West, Inc., A Colorado Corporation,<br><br>Defendant. | No. 2:24-cv-00820<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (CAFA)**<br><br>**(from King County Superior Court, Case No. 24-2-09501-2 SEA)** |

TO:         The Honorable Judges of the U.S. District Court for the Western District of Washington;

AND TO:   Charlotte Zito and Alecia Bowdon, Plaintiffs;

AND TO:   Nolan Lim, Nolan Lim Law Firm, PS, Shunt Tatavos-Gharajeh, Justice Law Corp., Attorneys for Plaintiff.

PLEASE TAKE NOTICE that Defendant Renal Treatment Centers - West, Inc. ("Defendant" or "Renal Treatment Centers") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, and removes the above-entitled action to this Court from the Superior Court of the State of Washington for the County of King based on the Class Action Fairness Act of 2005 ("CAFA").

In support thereof, Defendant asserts the following:

NOTICE OF REMOVAL - 1
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1. On April 30, 2024, Plaintiffs Charlotte Zito and Alecia Bowdon ("Plaintiffs") filed a Class Action Complaint for Damages and Injunctive Relief (the "Complaint") against Defendant in the Superior Court of the State of Washington for the County of King. *See* Declaration of Peter Nohle ("Nohle Decl.") at ¶ 3 and **Ex. A**. The Complaint was entitled *Charlotte Zito and Alecia Bowdon, on own behalf and on the behalf of all others similarly situated, Plaintiff v. Renal Treatment Centers – West, Inc., a Colorado Corporation*, Case No. 24-2-09501-2 SEA, and set forth the following six causes of action against Defendant: (1) Payment of Wages Less Than Entitled: RCW 49.46, *et seq.*, Seattle Municipal Code (SMC) 14.19 *et seq.*, & SMC 14.20 *et seq.*; (2) Willful Refusal to Pay Wages: RCW 49.52.050; (3) Violations of RCW 49.46.130 and SMC 14.20 – Failure to Pay Overtime Wages; (4) Violation of RCW 49.46.210 – Failure to Provide Paid Sick Leave; (5) Violation of RCW 49.48.010 – Unpaid Wages on Termination; (6) Violations of RCW 49.12.020, SMC 14.19, SMC 14.20 and WAC 296-126-092 – Failure to Provide Rest and Meal Break Periods. *See* Nohle Decl., **Ex. A**.

2. As stated therein, the Complaint is brought as a putative class action pursuant to Rule 23 of the Superior Court Civil Rules for the State of Washington on behalf of Plaintiffs Charlotte Zito and Alecia Bowdon and a putative class defined as "[a]ll individuals employed by Defendant as hourly-paid or non-exempt employees in the State of Washington at any time from three years prior to the filing of this complaint through the date of final disposition of this action." *See* Nohle Decl., **Ex. A** at ¶ 5.1.

3. In addition to their Complaint, Plaintiffs also filed a Case Information Cover Sheet on April 30, 2024. *See* Nohle Decl. at ¶ 5 and **Ex. C**. That same day, the clerk issued its Order Setting Civil Case Schedule. *See* Nohle Decl. at ¶ 4 and **Ex. B**.

4. Defendant first received Plaintiffs' Summons, Complaint, and Order Setting Civil Case Schedule when they were served on May 9, 2024. *See* Herod Decl. at ¶ 5.

5. As of the date of this Notice of Removal, the pleadings on file in the Superior Court are limited to: (A) the Class Action Complaint for Damages and Injunctive Relief; (B) the Order Setting Civil Case Schedule; (C) the Case Information Cover Sheet; (4) the Summons; (5) the

NOTICE OF REMOVAL - 2
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Notice of Appearance of Gray Jeong, Counsel for Defendant; and (6) the Notice of Appearance of Peter Nohle, Counsel for Defendant. *See* Nohle Decl. at ¶ 9 and **Exs. A – F**.

### TIMELINESS OF REMOVAL

6. This Notice of Removal has been filed within thirty (30) days after Defendant was first served with a copy of Plaintiffs' Summons and Complaint on May 9, 2024. *See* Herod Decl. at ¶ 5; Nohle Decl. at ¶ 10. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *See* Fed. R. Civ. P. 6; LCR 6; *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received.").

### NOTICE TO ALL PARTIES AND STATE COURT

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiffs' counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

### VENUE IS PROPER

8. This action was filed in the Superior Court in and for the County of King at Seattle. Thus, venue of this action properly lies in the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. 1391, providing that an action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred or where the defendant resides. *See* Nohle Decl., **Ex. A** at ¶ 2.3 ("All of the acts and omissions alleged in this Complaint took place in the State of Washington."); *Id.* at ¶ 2.1 ("Defendants transact business in King County, a large number of Defendants' facilities are in King County, and the corporate headquarters for Renal Treatment Centers – West is in Federal Way, WA which is in King County, WA.").

### REMOVAL BASED ON CLASS ACTION FAIRNESS ACT

9. Removal of this action is proper under CAFA, 28 U.S.C. §§ 1332 *et seq.* Section 4

NOTICE OF REMOVAL - 3
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  of CAFA, 28 U.S.C. § 1332(d)(2), has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

10. In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary Defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

11. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving, based on the allegations in the Complaint, more than 100 members, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interests and costs, and Plaintiff is a citizen of a state different from at least one Defendant. *See* 28 U.S.C. §§ 1332(d) and 1453. Furthermore, Defendant is not a State, State official, or other governmental entity.

**A.    The Putative Class Contains More Than 100 Members.**

12. CAFA provides that the district courts shall not have jurisdiction over class actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

13. Here, the Complaint alleges: "Plaintiffs bring this case as a class action . . . on behalf of a class consisting of: All individuals employed by Defendant as hourly-paid or non-exempt employees in the State of Washington at any time from three years prior to the filing of this complaint through the date of final disposition of this action." *See* Nohle Decl., **Ex. A** at ¶ 5.1.

14. Based on Defendant's employment records, Defendant employed more than 1,600 hourly or non-exempt employees in the State of Washington in the three-year period immediately preceding the date of filing of the Complaint (i.e., between April 30, 2021, and the present date). *See* Declaration of Toni Prockish ("Prockish Decl.") at ¶ 4.

NOTICE OF REMOVAL - 4
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

15. Accordingly, the numerosity requirement for jurisdiction under CAFA is easily satisfied based on the number of current and former employees falling within the Plaintiffs' definition of the "Class."

**B.     The Named Defendants are not Government Entities.**

16. Defendant Renal Treatment Centers is not a State, a State official, or any other governmental entity. *See* Declaration of Scott Herod ("Herod Decl.") at ¶ 5.

**C.     Minimal Diversity is Satisfied Under CAFA.**

17. The standard for establishing diversity of citizenship under CAFA is different than diversity jurisdiction under 28 U.S.C. 1332(a)-(c). CAFA's diversity requirement is satisfied when there is minimal diversity, *i.e.*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Snyder v. Harris*, 394 U.S. 332, 340 (1969); *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019).

18. Citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

19. For individuals, citizenship is determined by a person's domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Furthermore, a person's intention to remain may be established by his or her place of employment. *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009).

20. Defendant is informed and believes that Plaintiffs were, at the time this action was commenced, and still are, residents and citizen of the State of Washington. *See* Nohle Decl., **Ex.**

NOTICE OF REMOVAL - 5
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

A at ¶ 1.5 ("Plaintiffs, Zito and Bowdon, are residents of Yakima County . . . ."). Accordingly, Plaintiffs are citizens of the State of Washington for purposes of removal under CAFA.

21. For purposes of removal under CAFA, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

22. With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id*. A corporation can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weight corporate functions, assets, or revenues in each state.

23. Defendant Renal Treatment Centers was, at the time Plaintiff filed the Complaint, and presently is a corporation organized under the laws of the State of Delaware. *See* Herod Decl. at ¶ 3. At all relevant times, Defendant Renal Treatment Centers' company headquarters, and thus its principal place of business, has been in Denver, Colorado. *Id*. Defendant's executive and administrative operations are centrally managed from its headquarters in Denver, Colorado. *Id.* The Board of Directors and executive officers of Defendant maintain their offices at Defendant's Denver headquarters. *Id*. From its Denver headquarters, Defendant also makes and implements company-wide operating, distribution, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions. *Id*. Further, Defendant's Board of Directors meetings take place in Denver, Colorado, its financial records are maintained there, and its tax returns are filed from there. *Id*. Accordingly, for purposes of removal under CAFA, Defendant Renal Treatment Centers is a citizen of the States of Delaware and Colorado, but is not a citizen of the State of Washington.

24. Given the above, minimal diversity exists under CAFA because at least one member of the putative class (Plaintiff) was, at the time this action was commenced—and is still

NOTICE OF REMOVAL - 6
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

believed to be—a citizen of the State of Washington, while Defendant Renal Treatment Centers was—and still is—a citizen of the States of Delaware and Colorado. 28 U.S.C. § 1332(d)(2).

### D. The Amount In Controversy Exceeds $5,000,000 Based On A Plausible Reading of the Allegations of the Complaint.[1]

25. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly . . . .").

26. In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiffs will prevail on each and every one of their claims. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy . . . encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim")). Moreover, the argument and facts set forth in the Complaint may appropriately be considered in determining whether the jurisdictional amount in controversy requirement is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing*

---

[1] Defendant denies each and every allegation set forth by Plaintiffs in the Complaint and denies that Plaintiffs or putative class members are entitled to any damages (whether statutory, actual, or otherwise), injunctive relief, declaratory relief, attorneys' fees, or any other relief. Defendant also denies that this action can proceed as a class action. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint.

NOTICE OF REMOVAL - 7
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

*Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)); *see also Fuller v. Bloom Inst. of Tech.*, 2023 U.S. Dist. LEXIS 203185, at *11 (N.D. Cal. Nov. 13, 2023) ("[T]he defendant's showing on the amount in controversy may rely on reasonable assumptions . . . [a]n assumption may be reasonable if it is founded on the allegations of the complaint." (internal quotations omitted) (citing *Arias v. Residence Inn*, 936 F.3d 920, 922, 925 (9th Cir. 2019)).

27. Notably, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007). Rather, a defendant seeking removal must prove by a preponderance of the evidence that the aggregate amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

28. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, the United States Supreme Court held that where, as here, the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. 547, 554 (2014) (emphasis added). Further, "'[n]o "antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) *quoting Dart*, 135 S. Ct. at 554.

29. Moreover, if a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *12-13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.

NOTICE OF REMOVAL - 8
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have
2  alleged facts specific to her claims which would narrow the scope of the putative class or the
3  damages sought.") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also*
4  *Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9,
5  2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under
6  CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100
7  percent violation rate, or assuming that each member of the class will have experienced some type
8  of violation—when those assumptions are reasonable in light of the allegations in the complaint.");
9  *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts
10 have assumed a 100% violation rate in calculating the amount in controversy when the complaint
11 does not allege a more precise calculation.").

12      30.    The gravamen of Plaintiffs' Complaint is that from April 30, 2021, to the present
13 (the "Class Period"): (A) Defendant's hourly employees were "not permitted to take a 30-minute
14 uninterrupted and bona fide meal period or rest breaks due to the demands of their jobs during
15 their shifts"[2]; (B) that "[i]n the rare instances where they attempt a meal period or rest break,
16 [Defendant's hourly employees] remain on duty in that they are required to respond to calls from
17 their patients and other [sic] attend to the normal demands of the job . . . "[3]; (C) Defendant failed
18 to "compensate Plaintiffs and members of the putative class for an additional ten minutes of work,
19 at their regular rate of pay, for each instance it . . . did not provide a rest period of at least ten
20 minutes in duration for each four hours worked";[4] (D) Defendants failed to "compensate Plaintiffs
21 and members of the putative class with an additional thirty minutes of work, at their regular rate
22 of pay, for each instance of when they were not provided with a meal period of at least thirty
23 minutes . . . .";[5] (E) Defendant failed to "provide paid sick leave at a rate of at least one hour for
24 every forty hours worked by Plaintiffs and members of the putative class";[6] (F) Defendant failed

---
[2] Nohle Decl., Ex. A at ¶ 4.6.
[3] *Id.* at ¶ 4.7.
[4] *Id.* at ¶ 6.7.
[5] *Id.* at ¶ 6.14.
[6] *Id.* at ¶ 6.17.

NOTICE OF REMOVAL - 9
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

to "pay Plaintiff[s] and Washington Class members at an overtime rate for all hours worked in excess of forty in a workweek, including hours worked during missed meal and rest breaks";[7] and (G) Defendant failed to "pay Plaintiff[s] and Washington Class members all wages due upon the end of their employment . . . ."[8]

31. As provided in the supporting declaration submitted herewith:

- Renal Treatment Centers employed more than 1,600 non-exempt employees in the State of Washington during the Class Period;[9]
- Defendant paid its hourly non-exempt employees in the State of Washington at least the minimum wage rate in effect during the Class Period;[10]
- Defendant's non-exempt employees in the State of Washington worked 7,332,296 hours during Class Period;[11]
- The average number of hours worked per week for Defendant's non-exempt employees in the State of Washington during the Class Period is 28.70 hours;[12] and
- The average shift length for Defendant's non-exempt employees in the State of Washington during the Class Period is 9.29 hours per shift.[13]

32. Based on the foregoing, and assuming Defendant's non-exempt employees in the State of Washington were wholly denied their meal periods and rest breaks during the Class Period, the amount in controversy well exceeds $5,000,000.

33. By way of example, if Defendant's employees missed one meal period and one rest break per shift, that would amount to approximately 526,347.04 hours of missed meal period and rest break time in the aggregate for the putative class during the Class Period. This figure is arrived at by dividing the 7,332,296 hours worked during the class period by the average shift length of 9.29 hours to arrive at the estimated number of shifts during the Class Period – 789,126, and then multiplying that figure by .67, which represents the 0.5 hours attributable to a missed 30-minute

---

[7] *Id.* at ¶ 5.7(j).
[8] *Id.* at ¶ 5.7(l).
[9] Prockish Decl. at ¶ 4.
[10] *Id.* at ¶ 5.
[11] *Id.* at ¶ 6.
[12] *Id.* at ¶ 6.
[13] *Id.* at ¶ 7.

NOTICE OF REMOVAL - 10
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  meal period and the .167 hours attributable to a missed 10-minute rest break during each such shift. Using even the lowest minimum wage rate in effect in the State of Washington during the Class Period, $13.69, the resulting amount in controversy would be $7,205,690.99 in potential wage-based damages (i.e., $13.69 X 526,347.04).

34.  As part of their claims, Plaintiffs are also seeking a doubling and/or trebling of the alleged wage-based damages under Chapter 49.52 and Chapters 14.19 and 14.20 SMC. This aspect of Plaintiffs' claims increases the potential amount in controversy by at least an additional $7,205,690.99 using only the doubling permitted by Chapter 49.52 RCW.

35.  In addition to the wage-based damages, as part of their claims, Plaintiffs are seeking prejudgment interest at a rate of 12% per annum on behalf of themselves and the putative class alleged in the Complaint. The additional exposure presented by the prejudgment interest in this matter is approximately $1,346,773.26. This figure was arrived at by taking the average length of time between the start of the Class Period and the present day, 1.56 years, multiplying that figure by .12 (i.e., the 12% per year interest rate), and then multiplying the resulting figure the potential $7,205,690.99 in wage-based damages referenced above.

36.  Thus, and without admitting that Plaintiffs could certify a class or recover any damages whatsoever, a plausible reading of the causes of action asserting meal period and rest break violations alleged in the Complaint, which seeks twice or three times the value of missed meal periods and rest breaks for Plaintiffs and the putative class members, places an aggregate amount in controversy well in excess of the $5,000,000 amount in controversy requirement under CAFA, exclusive of attorneys' fees and costs. Indeed, using the figures above, the amount in controversy is at least $15,758,155.23 (i.e., the $7,205,690.99 in wage-based damages, plus the $7,205,690.99 in exemplary damages, plus the $1,346,773.26 in interest).

37.  In short, making reasonable assumptions based on the allegations in Complaint, the potential exposure on the causes of action asserting meal and rest break violations well exceeds the CAFA statutory requirement of $5,000,000 in controversy.

NOTICE OF REMOVAL - 11
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1    38.  Plaintiffs also seek an unspecified amount of attorneys' fees in their Complaint, which the Court should consider and include in the amount in controversy. *See* Nohle Decl., **Ex. A** at ¶ 7.5, 7.11, 7.16, 7.24, 7.33, "Prayer for Relief" at Item "I"; *see also, e.g., Goldberg v. CPC Int'l, Inc.* 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982); *Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fee awards in Washington wage-hour class actions can easily total several hundred thousands of dollars or more. Moreover, the Ninth Circuit recently concluded "that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal. May 9, 2018) ("unaccrued post-removal attorneys' fees can be factored into the amount in controversy.").

39.  "Courts in this circuit have held that, for purposes of calculating the amount in controversy in a pay transparency class action, removing Defendant can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 U.S. Dist. LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014); *see also Herrera v. Carmax Auto Superstores Cal.*, LLC, No. EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available."); *Hamilton v. Wal-Mart Stores, Inc.*, No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA."); *Gutierrez v. Stericycle, Inc.*, No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("it is appropriate to include in the

NOTICE OF REMOVAL - 12
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims.").

40. The Court should therefore also consider attorneys' fees of at least $3,939,538.81, based on the aggregate amount in controversy calculated in Paragraph 36 above (i.e., $15,758,155.23 X 0.25). *See, e.g., Oda v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *11-13 (C.D. Cal. 2015) (finding the defendant's assumptions regarding attorneys' fees to be "reasonable" on removal where the defendant stated "Plaintiffs would recover a 25 percent fee" totaling "$1,329,245," based on "the amount in controversy before attorneys' fees" of "$5,316,978").

41. Thus, for the reasons discussed above, and without conceding or admitting to the underlying merit of Plaintiffs' claims, or whether Plaintiffs' claims are amenable to class treatment, it is plausible that the aggregate amount in controversy in connection with Plaintiffs' putative class claims surpasses the $5,000,000 jurisdictional threshold required under CAFA based on the cause of action alleging failure to provide meal and rest break periods.

42. Based on the foregoing, Defendant hereby respectfully removes the above-captioned action from the King County Superior Court to this Court based on CAFA requirements (28 U.S.C. §§ 1332(d), 1441, 1446 and 1453), and respectfully requests that this Court retain jurisdiction for all further proceedings.

DATED this 10th day of June, 2024.

JACKSON LEWIS P.C.

By:   *s/ Peter H. Nohle*
      Peter H. Nohle, WSBA #35849
      Peter.Nohle@jacksonlewis.com
      Tel: (206) 626-6436
      Gray Jeong, WSBA #61858
      Gray.Jeong@jacksonlewis.com
      Tel: (206) 626-6406
      520 Pike Street, Suite 2300
      Seattle, WA 98101

      Counsel for Defendant

NOTICE OF REMOVAL - 13
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was electronically filed with the Clerk of the Court using the CM/ECF System, and sent to the following:

| | |
|---|---|
| Nolan Lim, WSBA #36830<br>NOLAN LIM LAW FIRM, PS<br>1111 3rd Ave., Suite 1850<br>Seattle, WA 98101<br>Telephone: (206) 774-8874<br>Email nolan@nolanlimlaw.com<br><br>Counsel for Plaintiff | ☒ via CM/ECF System<br>☒ via Electronic Mail<br>☒ via USPS Mail<br>☐ via Federal Express<br>☐ via Hand-delivery<br>☐ Other: _____ |

*Courtesy copies to*:

admin@nolanlimlaw.com

| | |
|---|---|
| Shunt Tatavos-Gharajeh, WSBA #59424<br>JUSTICE LAW CORP<br>751 N Fair Oaks Ave. Ste 101<br>Pasadena, CA 91103<br>Telephone: (206) 774-8874<br>Email statavos@justicelawcorp.com<br><br>Counsel for Plaintiff | ☒ via CM/ECF System<br>☒ via Electronic Mail<br>☒ via USPS Mail<br>☐ via Federal Express<br>☐ via Hand-delivery<br>☐ Other: _____ |

DATED this 10th day of June, 2024.

_____
Lindsay Holzworth

NOTICE OF REMOVAL - 14
(Case No. 2:24-cv-00820)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404