UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLOTTE ZITO et al.,<br><br>    Plaintiffs,<br> v.<br><br>RENAL TREATMENT CENTERS WEST INC.,<br><br>    Defendant. | CASE NO. 2:24-cv-00820-LK<br><br>ORDER GRANTING STIPULATED MOTION TO REMAND |

  This matter comes before the Court on the parties' Stipulated Motion to Remand to State Court. Dkt. No. 31. The parties "have agreed to a stipulated remand in the interest of pursuing settlement" and request that this action be remanded to King County Superior Court. *Id.* at 3.

  Courts have a "virtually unflagging obligation to exercise the jurisdiction conferred upon [them] by the coordinate branches of government and duly invoked by litigants," including removal jurisdiction. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (quoting *United States v. Rubenstein*, 971 F.2d 288, 293 (9th Cir. 1992) (internal quotation marks omitted)). Accordingly, "subject-matter jurisdiction is a beast that parties . . . just can't kill" by

ORDER GRANTING STIPULATED MOTION TO REMAND - 1

stipulation. *Lawrence v. Fairfield Processing Corp.*, No. 4:22-CV-00985-SRC, 2022 WL 10423622, at *2 (E.D. Mo. Oct. 18, 2022). A court cannot grant parties' motion to remand "by thoughtlessly rubber-stamping their proposed order," particularly if the "the removing parties maintain that the Court had subject matter jurisdiction at the time of removal." *Smith v. Gemcap Trucking, Inc.*, No. 4:21-CV-242, 2022 WL 1184369, at *1 (S.D. Ga. Apr. 21, 2022).

Nonetheless, it is well established that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Indeed, this determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In light of the parties' stipulated motion and the Court's independent duty described above, the Court will examine whether it has subject matter jurisdiction over this case.

Defendant Renal Treatment Centers-West, Inc. removed this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which requires, among other things, that the amount in controversy exceed $5,000,000. Dkt. No. 1 at 1; 28 U.S.C. § 1332(d)(2). Defendant alleged the amount in controversy based on wage underpayments for 1,600 employees. Dkt. No. 1 at 10. After Defendant produced documents, the parties "meaningfully and repeatedly conferred," and they identified "a discrepancy between the named Renal Treatment Centers-West, Inc. employee census

(which encompassed 229 putative class members) and the employee census for Defendant's parent and related companies (which encompassed approximately 1,600 people at the time of removal)." Dkt. No. 31 at 2. Plaintiff has not named those parent and related companies as Defendants, *see generally* Dkt. No. 1-1, and the parties do not allege that the amount in controversy is met when the putative class includes only 229 members. Defendant Renal Treatment Centers-West, Inc. has therefore failed to meet its burden to establish that the Court has subject matter jurisdiction.

The Court therefore ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County Washington;

3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington; and

4. The Clerk of the Court shall CLOSE this case.

Dated this 7th day of August, 2025.

Lauren King
United States District Judge